IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JESSE JAMES MCGHEE,

        Plaintiff,

v.                                CIVIL ACTION NO.  2:14-cv-17811

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Jesse James McGhee's Complaint seeking review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"). (ECF No. 2.) By standing order entered on May 7, 2014 and filed in this case on June 9, 2014, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations for disposition (the "PF&R"). (ECF No. 4.) On July 10, 2015, Magistrate Judge Eifert entered her PF&R, in which she recommends that this Court deny Plaintiff's Motion for Judgment on the Pleadings ("Plaintiff's Motion"), (ECF No. 11), grant Defendant's request for judgment on the pleadings, (ECF No. 13), and affirm the final decision of the Commissioner. (ECF No. 14.) Plaintiff filed timely objections to the PF&R on July 24, 2015 (the "Objections"). (ECF No. 15.)

For the reasons that follow, the Court **OVERRULES** the Objections, (ECF No. 15), **ADOPTS** the PF&R, (ECF No. 14), to the extent it is consistent with this Memorandum Opinion

1

and Order, **DENIES** Plaintiff's Motion, (ECF No. 11), **GRANTS** the Commissioner's request for judgment on the pleadings, (ECF No. 13), **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this action.

## I. Procedural Background

The facts concerning this matter are fully set forth in the PF&R and need not be repeated here at length. In short, Plaintiff filed applications for disability insurance benefits, supplemental security income, and child's insurance benefits on October 29, 2010, alleging disability as of June 28, 2009. (ECF No. 9-6 at 24–31, 47–53.) The applications were initially denied on April 8, 2011, (ECF No. 9-4 at 18–32), and upon reconsideration on July 5, 2011, (*id.* at 35–55).

A hearing was held before Administrative Law Judge William R. Paxton (the "ALJ") on January 14, 2013. (ECF No. 9-2 at 27–53.) On January 24, 2013, the ALJ issued an unfavorable decision.[1] (*Id.* at 10–25.) The Appeals Council denied review of the ALJ's decision on April 10, 2014. (*Id.* at 2–7.) Thereafter, on June 6, 2014, Plaintiff filed the Complaint in this Court. (ECF No. 2.)

---

[1] The ALJ found at step one of the "sequential evaluation" process that Plaintiff "has not engaged in substantial gainful activity since June 28, 2009, the alleged onset date." (ECF No. 9-2 at 15.) At step two, the ALJ found that Plaintiff has the following severe impairments: "pseudoseizures, syncope orthostatic hypotension, tachycardia, hypertension, obesity, degenerative disc disease of the thoracic and lumbar spine, and chronic obstructive pulmonary disease." (*Id.* at 16–17.) At step three of the analysis, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 17–18.) The ALJ next found that Plaintiff "has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)," with certain listed limitations. (*Id.* at 18–23.) The ALJ also found that Plaintiff "has no past relevant work." (*Id.* at 23.) Finally, at step five, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.* at 23–24.)

## II. Standard of Review

**A.     Review of the PF&R**

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

**B.     Review of the ALJ's Findings and Decision**

"Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see, e.g.*, 42 U.S.C. § 405(g) ("The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) ("A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law."). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938). "[I]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Mastro*, 270 F.3d at 176 (alteration in original) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). "In reviewing for substantial evidence, [the court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its]

judgment for that of the Secretary." *Craig*, 76 F.3d at 589 (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id.* (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)).

Plaintiff "bears the burden of proving that he is disabled within the meaning of the Social Security Act." *English v. Shalala*, 10 F.3d 1080, 1082 (4th Cir. 1993) (citing 42 U.S.C. § 423(d)(5) and *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981)). "The term 'disability' means . . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner uses a five-step "sequential evaluation" process to evaluate a disability claim.[2] *See* 20 C.F.R. §§ 404.1520(a) & 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). "If [the adjudicator] can find that [a claimant is] disabled or not disabled at a step" in the "sequential evaluation" process, the adjudicator "make[s] [their]

---

[2] In *Hall v. Harris*, the Fourth Circuit provided the following description of the "sequential evaluation" analysis:

> Under the process the ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether that impairment meets or equals the medical criteria of Appendix 1 which warrants a finding of disability without considering vocational factors; and (4) if not, whether the impairment prevents him from performing his past relevant work. By satisfying either step 3 or 4, the claimant establishes a prima facie case of disability. The burden then shifts to the Secretary and leads to the fifth and final inquiry in the sequence: whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job.

658 F.2d at 264–65; *see also* 20 C.F.R. §§ 404.1520 & 416.920 (providing the "sequential evaluation" analysis).

determination or decision and [does] not go on to the next step." 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4).

### *III. Discussion*

Plaintiff's sole objection is to Magistrate Judge Eifert's finding in the PF&R that substantial evidence supports the ALJ's credibility determination regarding the intensity, persistence, and limiting effects of Plaintiff's symptoms. (*See* ECF No. 15 at 2–4.) The Court overrules this objection for the following reasons.

Under 20 C.F.R. §§ 416.929(a) and 404.1529(a), "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Craig*, 76 F.3d at 594; *see also* Soc. Sec. Admin., SSR 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements* (1996) (describing the "two-step process for evaluating symptoms"). Under the first step, "there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." *Craig*, 76 F.3d at 594 (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)). "At this stage of the inquiry, the pain claimed is not directly at issue; the focus is instead on establishing a determinable underlying impairment . . . which could reasonably be expected to be the cause of the disabling pain asserted by the claimant." *Id.*

In this case, the ALJ found that Plaintiff "has the following severe impairments: pseudoseizures, syncope orthostatic hypotension, tachycardia, hypertension, obesity, degenerative disc disease of the thoracic and lumbar spine, and chronic obstructive pulmonary disease." (ECF No. 9-2 at 16.) The ALJ then found that these impairments satisfy the first step of the inquiry into

whether Plaintiff is disabled by pain or other symptoms. (*See id.* at 19 ("[T]he undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms.").)

Plaintiff's objection relates to the second step in this analysis. Under the second step, "the intensity and persistence of the claimant's pain, and the extent to which it affects [the claimant's] ability to work, must be evaluated." *Craig*, 76 F.3d at 595 (citing 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1)); *see also* SSR 96-7p (providing that, under the second step, "the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities"). "Because pain is subjective and cannot always be confirmed by objective indicia, claims of disabling pain may not be rejected *solely* because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of [their] pain." *Craig*, 76 F.3d at 595 (citations omitted). However, "a claimant's allegations about [their] pain . . . need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges [they] suffer." *Id.*; *cf. Smith v. Astrue*, 457 F. App'x 326, 329 (4th Cir. 2011) ("[G]reat weight is afforded to subjective evidence when it is either uncontradicted or supported by substantial evidence." (citing *Combs v. Weinberger*, 501 F.2d 1361, 1362–63 (4th Cir. 1974))). The Fourth Circuit noted the following regarding this second-step analysis:

> [T]his evaluation must take into account not only the claimant's statements about her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain; and any other evidence relevant to the severity of the impairment, such as

6

>   evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

*Craig*, 76 F.3d at 595 (citations omitted); *see also* SSR 96-7p ("[W]henever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.").

At this second stage of the analysis, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible" and do not limit Plaintiff's ability to work to the extent he claims. (ECF No. 9-2 at 20–23.) Magistrate Judge Eifert found that substantial evidence supports this determination. (ECF No. 14 at 32.) Plaintiff nonetheless argues that this finding is incorrect[3] and the ALJ erred by relying

---

[3] In the Objections, Plaintiff argues that "[t]he Magistrate Judge engaged in *post hoc* analysis of the record in order to find a rationale to support the ALJ's credibility determination, pointing out what the Magistrate Judge believed to be inconsistencies between McGhee's allegations and the record – inconsistencies the ALJ did not even mention or consider." (ECF No. 15 at 3.) Plaintiff fails to cite to any case law supporting this assertion. (*See id.*)

   In the context of reviewing agency actions, "courts may not accept appellate counsel's post hoc rationalizations for agency action; . . . an agency's discretionary order [may] be upheld, if at all, on the same basis articulated in the order by the agency itself." *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168–69 (1962); *see also id.* at 169 ("[A] simple but fundamental rule of administrative law . . . is . . . that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action." (citation omitted)). "While [a court] may not supply a reasoned basis for the agency's action that the agency itself has not given, we will uphold a decision of less than ideal clarity if the agency's path may be reasonably discerned." *Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.*, 419 U.S. 281, 285–86 (1974) (citations omitted).

   Insofar as this principle of judicial review of agency action is implicated in the present case, Plaintiff's "*post hoc*" argument clearly misapprehends the Magistrate Judge's analysis. In the PF&R, Magistrate Judge Eifert notes that the ALJ identified two overarching discrepancies between Plaintiff's assertions regarding his symptoms and the record, as a whole: (1) the objective evidence did not support Plaintiff's assertions; and (2) Plaintiff provided numerous contradictory statements. (*See* ECF No. 14 at 27–32.) Magistrate Judge Eifert then found that substantial evidence supports the ALJ's credibility determination based on this record and did not―as Plaintiff argues―supply a reasoned basis for the ALJ's determination that was absent from the ALJ's decision. (*See id.*) This analysis does not raise any "*post hoc*" concerns and, as such, the Court **OVERRULES** Plaintiff's "*post hoc*" objection.

   The Court notes that Plaintiff's counsel has recently raised similar "*post hoc*" arguments with increasing frequency. The Court encourages Plaintiff's counsel to consider the statement of law provided above regarding such

"on objective evidence to invalidate [Plaintiff's] testimony regarding his daily activities." (ECF No. 15 at 3.) The Court disagrees.

The ALJ provided a detailed description of Plaintiff's claims regarding the intensity, persistence, and limiting effects of his symptoms. (*See* ECF No. 9-2 at 19.) However, the ALJ found that Plaintiff's statements regarding his symptoms were not "entirely credible" for two reasons. First, the ALJ provided a thorough description of Plaintiff's treatment record and found that "the frequency and severity of [Plaintiff's] reported [symptoms] is not supported" by this record. (*Id.* at 20–23). Indeed, the ALJ noted that Plaintiff underwent an extensive battery of tests, which failed to corroborate Plaintiff's allegations regarding his feinting spells.[4] (*See id.* at 20–21.) The ALJ also noted that Plaintiff reported no syncopal episodes for two months while taking medication. (*Id.* at 21 ("In November 2011, [Plaintiff] was referred to WVU Outpatient Electrophysiology Clinic as a new patient for his symptoms and was started on Midodrine. In January 2012, he followed up reporting no syncopal episodes since his last appointment."); *see also id.* (noting that the examiners at the WVU Outpatient Electrophysiology Clinic "assessed a diagnosis of possible postural orthostatic tachycardia syndrome[,] obesity, [and] a history of syncope and dizziness improved with Midodrine").)

Second, the ALJ noted that Plaintiff provided contradictory statements regarding the severity of his symptoms and "at times greatly minimized" the limitations on his "activities of daily living." (*Id.* at 21–23.) For example, Plaintiff alleged on his function report that he required

---

arguments—and the application of this legal standard to the facts of each case—prior to making similar arguments in future cases before this Court.

[4] This extensive battery of tests included, in part, multiple MRIs of his brain, a "magnetic resonance angiogram," a "Doppler study," multiple chest x-rays, a "CT of the head," multiple echocardiograms, and an "EEG." (ECF No. 9-2 at 20–21.)

8

the use of a wheelchair, but the ALJ "documented that [Plaintiff] does not use a cane, walker, or wheelchair." (*Id.* at 21.) Plaintiff also "told Drs. Gallagher and Faulkner that he had not passed out since his last visit three months earlier," but subsequently "denied that he said this" and "reported that he had passed out the week before the appointment," which he then modified by "elaborate[ing] that he might have gone one or two months without a syncopal episode." (*Id.* at 19.) Additionally, the ALJ noted that Plaintiff's counsel asserted "that even the smallest of activities increase [Plaintiff's] symptoms," (*id.* at 19), but Plaintiff "indicated on his function report forms or testified that he can still watch television, perform some household chores, prepare small meals, attend medical appointments, go for rides, build computers, play on his computer, and talk on the phone for three or four hours," (*id.* at 22).

The Court finds that the ALJ performed the proper analysis when analyzing Plaintiff's assertions of pain and other symptoms. The ALJ described, in detail, Plaintiff's statements regarding his symptoms. (*See id.* at 19.) However, the ALJ properly viewed the entire record and, based on this review, found that Plaintiff's assertions were not "entirely credible." (*See id.* at 19–23.) Additionally, based on the objective evidence and Plaintiff's contradictory statements regarding his symptoms, the ALJ's credibility determination is undoubtedly supported by substantial evidence. (*See id.*) Ultimately, the ALJ performed the proper analysis and it is not the province of this Court to challenge the ALJ's credibility determination upon review. *See, e.g.*, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)) ("In reviewing for substantial evidence, [the court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456

9

(4th Cir. 1990))). The Court must therefore defer to the ALJ's credibility determination. *See, e.g.*, *id.*

### IV. Conclusion

For the foregoing reasons, the Court **OVERRULES** the Objections, (ECF No. 15), **ADOPTS** the PF&R, (ECF No. 14), to the extent it is consistent with this Memorandum Opinion and Order, **GRANTS** the Commissioner's request for judgment on the pleadings, (ECF No. 13), **DENIES** Plaintiff's Motion, (ECF No. 11), **AFFIRMS** the final decision of the Commissioner, **DISMISSES** this action, and **DIRECTS** the Clerk to remove this case from the Court's docket.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: September 29, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE